IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-439
(3:09-cr-153)

| | | |
|---|---|---|
| ANTHONY BRITT MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); his pro se Motions to Amend, (Doc. Nos. 2, 4); Counsel's Supplemental § 2255 Motion, (Doc. No. 8); and the Government's Response and Motion to Dismiss, (Doc. No. 21). For the reasons that follow, Petitioner's § 2255 Motion will be denied and dismissed.

I. BACKGROUND

Petitioner and others were indicted for conspiracy to possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Case No. 3:09-cr-153, Doc. No. 29: Indictment). The Government subsequently filed notice of four prior North Carolina drug convictions, pursuant to 21 U.S.C. § 851. (Id., Doc. No. 32). Petitioner entered a plea agreement to a lesser charge in which he admitted responsibility for at least 400 but less than 700 grams of black tar heroin. (Id., Doc. No. 67 at 2). Additionally, he acknowledged that he would qualify and be sentenced as a career offender under USSG §4B1.1, but that he could seek a departure or variance from the applicable guideline range. (Id. at 3-4). The Government agreed to dismiss the § 851 notice if Petitioner complied with each of the plea agreement

1

provisions. (Id. at 3). Petitioner waived his right to contest his conviction or sentence collaterally, except for claims of prosecutorial misconduct or ineffective assistance of counsel, in exchange for the concessions made by the Government. (Id. at 6).

A magistrate judge conducted Petitioner's Plea and Rule 11 hearing and placed him under oath.[1] The magistrate judge explained the elements of the charge, with its minimum and maximum penalties, and Petitioner stated that he understood them. The Government recited the terms of the plea agreement, including the collateral attack waiver, which Petitioner confirmed that he understood. At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowing and voluntary. (Case No. 3:09-cr-153, Doc. No. 70: Acceptance and Entry of Guilty Plea).

As expected, a United States Probation officer concluded that Petitioner qualified as a career offender with a base offense level set in reference to the maximum penalty of life, which resulted from Petitioner's prior drug convictions in the § 851 notice. (Id., Doc. No. 89: Presentence Report at 9). Thus, he faced a statutory range of 10 years to life and an advisory guideline range of 262 to 327-months' imprisonment, with acceptance of responsibility and a criminal history category VI. (Id. at 28). Prior to the sentencing hearing, counsel moved for a variance from the guideline range. (Case No. 3:09-cr-00153, Doc. No. 107: Motion).

At the sentencing hearing, Petitioner confirmed that the answers he gave during the Rule 11 hearing were true, and the Court accepted the plea as knowing and voluntary. The Court granted the Government's motion to withdraw its § 851 notice, reducing Petitioner's statutory range to 5 to 40 years and advisory guideline range to 188 to 235 months. (Id., Doc. No. 112: Statement of Reasons at 1). The Court imposed a sentence of 188 months, which Petitioner did

---

[1] The hearing was not transcribed, but the Court has reviewed a recording of the proceedings.

not appeal. (Id., Doc. No. 111: Judgment at 2).

Petitioner timely filed the instant § 2255 motion contending his former counsel was ineffective for failing to argue that his prior North Carolina convictions were not "felony drug offenses" under 21 U.S.C. § 802(44) because his sentences were not for more than one year in prison. (Doc. No. 1: Motion at 4). Petitioner moved to amend by citing legal authority including United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) and asking to be resentenced without the career offender designation. (Doc. No. 2). Petitioner moved to amend again claiming that Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), would have required a different result if his counsel had properly objected at sentencing. (Doc. No. 4). Current counsel filed a supplement to the § 2255 motion asserting Petitioner's designation as a career offender is no longer valid in light of Simmons. (Doc. No. 8). The Government seeks dismissal of Petitioner's claims based on the waiver in his plea agreement and United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (challenge of career offender status based on Simmons is not cognizable on collateral review).

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.     DISCUSSION

   A.     Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). If a petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, a court must not grant relief solely because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, a court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369

(1993)). Finally, a petitioner pressing an ineffective assistance of counsel claim in relation to his sentence must demonstrate "a reasonable probability" that but for counsel's performance he would have received a more lenient sentence. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694).

As detailed above, Petitioner contends that his trial counsel was ineffective in failing to challenge the career offender predicate convictions for which he did not face more than a year's imprisonment. Petitioner relies on the en banc Simmons opinion, which expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which determined a felony by the maximum aggravated sentence a defendant with the worst criminal history could receive. Petitioner's argument fails because Harp was the controlling law in this Circuit when he was sentenced on September 10, 2010, and Simmons was not decided until well after, on August 17, 2011. The Fourth Circuit has rejected a similar claim because the sentencing outcome would not have changed even if counsel had raised the issue.[2] United States v. Webb, 452 F. App'x 316 (4th Cir. 2011) (counsel not ineffective for failing to challenge career offender predicate using Simmons rationale when Harp controlled). Therefore, Petitioner's counsel was not ineffective in failing to anticipate that change to long standing precedent. Kornahrens v. Evans, 66 F.3d 1350, 1360 (4th Cir. 1995) (no ineffectiveness claim for failure to anticipate change in the law).

B. Supplement to Motion to Vacate

Counsel's supplement to the § 2255 motion directly challenges Petitioner's career offender designation based on the Simmons decision. (Doc. No. 8). The Government responds that Petitioner waived his right to raise that claim on collateral review and, even if not waived,

---

[2] Prior to the en banc decision, a panel of the Fourth Circuit, which included Justice Sandra Day O'Connor, found Harp was unaffected by the Supreme Court's decision in Carachuri. United States v. Simmons, 635 F.3d 140, 142 (4th Cir. 2011).

the claim is not cognizable now. (Doc. No. 21).

1.     Waiver

It is well settled that a defendant may waive his right to contest his sentence in a collateral proceeding so long as the decision was knowing and voluntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Here, Petitioner affirmed under oath during his Rule 11 hearing that he understood the terms of his plea agreement, which included the waiver of claims other than prosecutorial misconduct and ineffective assistance of counsel. Both the magistrate judge and this Court found that his guilty plea was knowing and voluntary, which Petitioner has not contested. The Fourth Circuit has found that a similar claim was foreclosed by the waiver in a plea agreement. United States v. Beckham, 592 F. App'x 223, 224-25 (4th Cir. 2015) (collateral attack of career offender designation based on Simmons waived in plea agreement entered knowingly and voluntarily). Therefore, Petitioner is not entitled to relief on this claim.

2.     Claim not cognizable

Alternatively, the Government argues that Petitioner's claim is not cognizable on collateral review based on the Fourth Circuit's recent decision in United States v. Foote, 784 F.3d 931 (4th Cir. 2015). In that case, the appellate court held that a similar challenge to a career offender designation based on the length of prior sentences could not be raised in a § 2255 proceeding. It reasoned that an error in the application of the advisory sentencing guidelines is not "a fundamental defect that inherently results in a complete miscarriage of justice" as required for habeas corpus relief where the sentence imposed is within the maximum authorized by law. Foote, 784 F.3d at 936, 940. Here, as in Foote, Petitioner has not asserted he is actually innocent of any of the prior convictions used to enhance his 188 month sentence, which was within the 40

year maximum allowed by law. Accordingly, Petitioner's claim is not cognizable in this proceeding.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motions to Amend, (Doc. Nos. 2, 4), are **GRANTED**;

2. Petitioner's § 2255 Motion to Vacate, as amended and supplemented, (Doc. No. 1), is **DENIED** and **DISMISSED with prejudice**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 19, 2015

Robert J. Conrad, Jr.
United States District Judge