UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-456-RJC
(3:09-cr-153-RJC-5)

| | |
|---|---|
| ANTHONY BRITT MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which Petitioner seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). The United States filed an unopposed Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance pursuant to Beckles v. United States. (Doc. No. 3).

**I.    BACKGROUND**

Petitioner pled guilty in the underlying criminal case to a single count of conspiracy to distribute and possess with intent to distribute heroin. (3:09-cr-153, Doc. Nos. 67, 70). The Presentence Investigation Report ("PSR") set the base offense level at 28 based on the drug quantity, however, Petitioner qualifies as a career offender with an offense level of 37. (3:09-cr-153, Doc. No. 89 at ¶¶ 38, 44). Three levels were deducted for acceptance of responsibility resulting in a total offense level of 34. (3:09-cr-153, Doc. No. 89 at ¶¶ 45, 46). Petitioner had 13 criminal history points and two levels were added because the offense was committed while he was on supervised release. (3:09-cr-153, Doc. No. 89 at ¶¶ 87-88). This resulted in 15 criminal

1

history points and a criminal history category of VI. (3:09-cr-153, Doc. No. 89 at ¶¶ 88-89). In addition, the criminal history category for career offenders is VI. (3:09-cr-153, Doc. No. 89 at ¶ 89). This resulted in an advisory guideline range of 262 to 327 months' imprisonment. (3:09-cr-153, Doc. No. 89 at ¶ 140). However, the Government withdrew the Notice it had filed pursuant to 21 U.S.C. § 851 which changed the total offense level to 31 and the statutory penalty to between five and 40 years, and the imprisonment range to 188 to 235 months. (3:09-cr-153, Doc. No. 112). The Court sentenced Petitioner to 188 months' imprisonment followed by four years of supervised release. (3:09-cr-153, Doc. No. 111). Petitioner did not appeal.

Petitioner filed a § 2255 Motion to Vacate that was docketed in case number 3:11-cv-439-RJC. The Court denied and dismissed the petition with prejudice. Moore v. United States, 2015 WL 5007812 (W.D.N.C. Aug. 20, 2015).

Petitioner obtained permission from the Fourth Circuit Court of Appeals to file this second § 2255 Motion to Vacate, which he filed through counsel on June 23, 2016. (Doc. No. 1). Petitioner argues that he does not qualify for sentencing as a career offender because his prior conviction for attempted breaking and entering is not a "crime of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The Court ordered the Government to respond, but instead, it filed an unopposed motion to stay this action pending the United States Supreme Court's decision in Beckles v. United States. (Doc. No. 4). On March 6, 2017, the Supreme Court held that the advisory guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S.Ct. 886 (2017).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Because Johnson does not apply to the Sentencing Guidelines, Petitioner's § 2255 Motion to Vacate is time-barred and meritless. See Beckles, 137 S.Ct. at 894; 28 U.S.C. § 2255(f)(3); United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that Johnson did not recognize the right the defendant asserted – to have his guidelines range calculated without the sentencing

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

guidelines' residual clause – and therefore § 2255(f)(3) did not re-start his time to file his motion to vacate). The instant § 2255 Motion to Vacate is therefore dismissed with prejudice as time-barred and, alternatively, denied on the merits.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses and denies Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. Respondent's Motion to Place Motion under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 3), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 17, 2018

*[signature]*

Robert J. Conrad, Jr.
United States District Judge